## KEARNEY FRANK, JR., v. ANDERSON BROTHERS.[1]

February 21, 1952.

No. 35,568.

---

[1]Reported in 51 N. W. (2d) 805.

*Herbert E. Olson* and *Romaine Powell,* for appellant.
*Shepley, Severson & Johnson,* for respondent.

MATSON, JUSTICE.

Plaintiff appeals from an order sustaining a demurrer to his complaint in a common-law action for damages for disfigurement.

Pursuant to the demurrer we have these facts: On June 14, 1950, plaintiff, as a "dope dobber" (*sic*), was employed by defendant in smearing hot dope (a tarlike material) on a pipe to be used in the laying of a pipe line. Through defendant's negligence, a bucket of the hot dope was upset and a part of the contents was spattered upon plaintiff's face, head, neck, shoulders, and other parts of his body. He was hospitalized for five days, after which he was able to return, and did return, to his former employment with defendant. The burns did not affect his employability, but did result in permanent disfigurement, for which he has brought this action at common law to recover damages for consequent embarrassment and humiliation. Defendant's demurrer was sustained on the ground that plaintiff's sole remedy is under the workmen's compensation act.

Our former decision of Breimhorst v. Beckman, 227 Minn. 409, 35 N. W. (2d) 719, wherein we held that the employe's sole and exclusive remedy was under the workmen's compensation act, is controlling herein. The only factual difference between the Breimhorst case and the one at bar is that in the former the employe was disabled for about 30 days and actually received weekly payments for disability for four weeks, whereas here the employe was disabled for only five days and received no weekly disability payments for the reason that his disability was of insufficient duration under M. S. A. 176.14. In both cases, we have actual disability which required hospitalization.

In the Breimhorst case, we held that, insofar as the workmen's compensation act provides *any compensation* to an employe accidentally injured in the course of his employment, *it is exclusive of all other remedies.* We reaffirmed therein the rule of Hyett v. N. W. Hospital for Women and Children, 147 Minn. 413, 180 N. W. 552, to the effect that where a particular injury results *in part* in a temporary or permanent disability, and *in part* in the disfigurement of the person of the employe, or other injury not amounting to a disability, the employe is limited in his relief to that given by the act, and an action at law for the injury not amounting to a disability cannot be maintained. In holding the remedy of the compensation act to be the employe's sole remedy, we also stated (227 Minn. 427, 35 N. W. [2d] 731):

"* * * It is immaterial herein whether plaintiff has or has not received compensation benefits or petitioned therefor. *It is enough to know that she did sustain certain injuries which were in fact covered by the workmen's compensation act."* (Italics supplied.)

Furthermore, in distinguishing and *limiting the application* of Lloyd v. Minnesota Valley Canning Co. 224 Minn. 305, 28 N. W. (2d) 697, we held (227 Minn. 427, 35 N. W. [2d] 731):

"* * * that § 176.11, subd. 3(38), by necessary implication, excludes from the coverage of the workmen's compensation act a serious permanent disability which does not materially affect the

employability of an employe *who has not simultaneously sustained other injuries which are compensable."*

Plaintiff apparently seeks to distinguish his case from the Breimhorst case and thus avoid compensation act coverage on the ground that, never having become entitled to receive *weekly disability payments,* his injury is not compensable. He did receive hospitalization benefits, and therefore he is in error. An injury is compensable and subjects the employe to coverage by the workmen's compensation act as his sole and exclusive remedy if by reason thereof he is entitled to receive *any compensation* under the act; and it is immaterial that such compensation may, to the exclusion of weekly disability benefit payments, consist of nothing more than money benefits in the form of the right to receive hospitalization or the right to receive medical treatment. Section 176.01, subd. 2, defines *compensation* as the *money benefits* to be paid on the account of injury or death. *The right to receive* hospitalization and medical treatment, or the right to receive either of them, is a money benefit which of and by itself constitutes compensation within the meaning of the compensation act. See, Hanson v. Hayes, 225 Minn. 48, 29 N. W. (2d) 473; Fehland v. City of St. Paul, 215 Minn. 94, 9 N. W. (2d) 349; Kummer v. Mutual Auto Co. 185 Minn. 515, 241 N. W. 681.

Appellant asserts that to hold that an employe who is entitled only to hospitalization and medical benefits is covered by the compensation act as his sole and exclusive remedy is contrary to Donnelly v. Minneapolis Mfg. Co. 161 Minn. 240, 201 N. W. 305. In the Donnelly case, however, no injury by accident was involved. Plaintiff there was suffering from an occupational disease which at that time was wholly without the workmen's compensation statute and for which he was therefore not entitled to receive any hospital, medical, or other compensation benefits.

Appellant seeks comfort in Lloyd v. Minnesota Valley Canning Co. 224 Minn. 305, 28 N. W. (2d) 697, despite the interpretative limitation placed upon that decision in Breimhorst v. Beckman, *supra.* In keeping with that interpretative limitation we now

expressly overrule the Lloyd case insofar as it in any manner conflicts with Breimhorst v. Beckman, *supra*, and with the holding of this decision. Upon the facts raised by the demurrer therein, the Lloyd decision is erroneous. Section 176.11, subd. 3(38), provides compensation only for disfigurement—not resulting from the loss of a member or other specifically compensated injury—which affects the employability of the injured person in the employment in which he was injured or other employment for which the employe is *then* qualified. If an accident produces certain injuries which in part entitle the employe to compensation benefits of any kind and such accident simultaneously therewith also causes the employe to sustain a serious permanent disfigurement which does not affect his employability, the employe's sole and exclusive remedy is under the workmen's compensation act, and he may not resort to an action at law for damages for disfigurement. By necessary implication, it follows that § 176.11, subd. 3(38), excludes from the compensation act only such accidentally caused permanent disfigurement which does not affect the workman's employability and which is also not simultaneously accompanied by any injury or injuries which entitle him to any compensation under the act.[2] In this respect, the rule of exclusiveness of remedy may seem harsh, but the remedy therefor is wholly legislative. Certain other jurisdictions by statutory amendment have provided for a special award for an injury which causes serious facial or head disfigurement without affecting employability.[3]

The order of the trial court is affirmed.

Affirmed.

---

[2]An employe may sustain a disfigurement which fails to produce any disability or any apparent need for medical treatment or hospitalization. Such wholly noncompensable disfigurement may, for example, result from exposure to insidious employment hazards which bring about imperceptible though gradual atrophy or other impairment of the nervous or muscular system or of the tissues without producing any disability or any effect other than a change in outward appearance.

[3]See discussion of New York statutory provisions in Annotation, 80 A. L. R. 970, 972-973. See, also, further Annotation in 116 A. L. R. 712.