## ALYCE A. KRUEGER v. STATE DEPARTMENT OF HIGHWAYS.

158 N. W. (2d) 705.

May 3, 1968—No. 40,629.

*John W. Keeler,* for relator.

*Ryan, Ryan & Ebert* and *Thomas J. Ryan,* for respondent.

OTIS, JUSTICE.

This matter is before the court to review a decision of the Industrial Commission allowing the widow of a deceased employee to recover

from his employer attorney's fees incurred in securing from a third-party tortfeasor a settlement in which the employer had subrogation rights. The only issue is whether the widow's claim is governed by a 2-year or by a 6-year statute of limitations.

The decedent, Ray F. Krueger, was a highway patrolman employed by the State of Minnesota when he was killed in line of duty on November 20, 1959. His widow, the claimant in these proceedings, retained counsel to institute an action for death by wrongful act and recovered a settlement of $25,000 on March 21, 1960. Since, under Minn. St. 176.061, subd. 3, the employer would be entitled to subrogation if it paid the widow benefits, she did not institute proceedings under the Workmen's Compensation Act until she initiated this claim on November 17, 1965. However, on December 14, 1959, the employer notified the Industrial Commission that the employee had been killed while acting within the scope of his employment.

Plaintiff has incurred attorney's fees amounting to one-third of the $25,000 recovery. She argues that under § 176.061, subd. 6,[1] she is entitled to reimbursement from the employer for that proportion of the attorney's fees which was earned in asserting the employer's subrogation claim.[2]

The question then is which of two statutes of limitations applies. The state argues that § 176.151(2) governs, pertinent parts of which provide:

"The time within which the following acts shall be performed shall be limited to the following periods, respectively:

*       *       *       *       *

---

[1] Minn. St. 176.061, subd. 6, provides: "As between employer and employee or his dependents, in all actions governed by this subdivision the employer shall bear that proportion of the costs, reasonable attorney's fees, and reasonable expenses incurred in making collection from and enforcing liability against the party other than the employer which the amount claimed by the employer for deduction from, or to be retained against, compensation payable bears to the whole amount recovered from such other party."

[2] The employer makes some point of the fact the attorney's fees have not actually been paid. However, it is undisputed that they have been incurred and constitute a valid obligation. We do not regard the question of actual payment as relevant to the issues.

"(2) Actions or proceedings by dependents to determine or recover compensation, two years after the receipt by the commission of written notice of death, given by the employer, but not to exceed six years from the date of the accident."

Under that statute the claim would be barred. Plaintiff, on the other hand, contends that the claim comes under the following provisions of § 541.05(2):

"Except where the uniform commercial code otherwise prescribes, the following actions shall be commenced within six years:

\* \* \* \* \*

"(2) Upon a liability created by statute, other than those arising upon a penalty or forfeiture or where a shorter period is provided by section 541.07."

If applicable, that statue would permit her to recover. The referee held that the 2-year statute prevented plaintiff from asserting her claim under § 176.151 (2), includes prorated attorney's fees. It is defined by § 176.011, of the commission felt that the state was estopped from asserting the 2-year statute of limitations because it had accepted the subrogation benefits arising out of the action for death by wrongful act. We do not agree that the equitable doctrine of estoppel prevents the employer from invoking the statute of limitations under these circumstances. However, we affirm for other reasons.

The narrow issue is whether the word "compensation," used in § 176.151(2), includes prorated attorney's fees. It is defined by § 176.011, subd. 8, as follows:

" 'Compensation' includes all benefits provided by this chapter on account of injury or death."

Whether attorney's fees are a benefit arising out of the employee's death under the Workmen's Compensation Act is a troublesome question. Reimbursement for medical and hospital expenses is clearly a benefit within the meaning of the act. However, they are directly related to one of the basic purposes of the law, the rehabilitation of injured em-

ployees. In the case of an injury or illness, there are usually some expenses which are inevitable, just as in the case of death, funeral expenses are inevitable. The obligation to pay attorney's fees is a more remote contingency. It is one which arises only in the special and limited situation where there is third-party liability. The reimbursement for attorney's fees does not, therefore, fall squarely in the category of benefits which we believe the act was intended to include.

Our conclusion is fortified by the anomalous situation which would result if the 2-year statute of limitations applied and a common-law action were not begun until after that period had expired. In the light of today's crowded calendars and the invariable custom of basing attorney's fees on a percentage of recovery, it would often be impossible to determine the liability for attorney's fees within a period of 2 years from the time of an employee's injury or death. While that problem did not actually arise in the instant case, it is one which more likely than not will occur in the future. For these reasons we believe the statute should be given its more liberal construction and hold that plaintiff's claim is not a benefit within the meaning of § 176.011, subd. 8, and does not constitute compensation under § 176.151(2). Consequently, the 6-year limitation prescribed by § 541.05(2) is applicable, and plaintiff's proceedings are therefore timely.

Affirmed.