ESTHER B. CHRISTENSEN, WIDOW OF ALBERT
V. CHRISTENSEN, v. STATE OF MINNESOTA,
DEPARTMENT OF CONSERVATION, GAME AND
FISH.

175 N. W. (2d) 433.

January 5, 1970—No. 41802.

*Daniel B. Gallagher* and *George A. Kurtz,* for relator.
*George Latimer* and *William M. Mahlum,* for respondent.

Heard before Knutson, C. J., and Otis, Rogosheske, Sheran, and Graff, JJ.

GRAFF, JUSTICE.*

Certiorari to review a decision by the Workmen's Compensation Commission construing Minn. St. 1965, § 176.101, subd. 6.

The sole question for decision is, where an employee sustains a work-related injury and dies as a result during the period of

*Acting as Justice of the Supreme Court by appointment pursuant to Minn. Const. art. 6, § 2, and Minn. St. 2.724, subd. 2.

disability, whether under § 176.101, subd. 6, amounts paid as medical benefits are deductible from dependency compensation due on account of such death. The commission held that the amount of such medical benefits could not be so deducted, one commissioner dissenting.

The facts were stipulated. The employee worked as a game warden for the State of Minnesota, Department of Conservation, Game and Fish Division, at a weekly wage in excess of $67.50 for a 5-day week pursuant to a Minnesota contract for hire. On April 21, 1956, and on February 21, 1963, the employee sustained heart attacks arising out of and in the course of his employment and, as a result of such work-related injuries, died on March 15, 1966. The state had notice and knowledge of such injuries within the statutory period. The state, as employer, has paid for the employee's injuries of April 21, 1956, and February 21, 1963, disability benefits in the sum of $6,010 and medical and hospital expense in the sum of $5,883.16, totaling $11,893.16, and has further paid to respondent, the sole dependent and surviving widow of the deceased employee, as dependency compensation for the period from March 16, 1966, to August 2, 1968, the sum of $5,606.84. Under the law in effect at the time of the injury,[1] respondent is entitled to $17,500 in weekly compensation benefits under Minn. St. 1965, § 176.111, subd. 19. However, under Minn. St. 1965, § 176.101, subd. 6, the amount of weekly dependency benefits due on account of death is to be reduced by all payments previously made as compensation for such injury.

We have previously, on many occasions, set forth the rules governing the construction of the Workmen's Compensation Act.[2] These decisions make it clear that the act is remedial in character, seeks to accomplish a humane purpose, and should,

---

[1] Workmen's compensation statutes in effect at the time of an employee's injury or death govern rights to compensation therefor. See, Boltz v. Armour Agricultural Chemical Co. 269 Minn. 482, 486, 131 N. W. (2d) 624, 627, and cases cited therein.

[2] The cases are collected in 21 Dunnell, Dig. (3 ed.) § 10385.

therefore, be given a broad and liberal interpretation to attain its purposes; that the various provisions of the act are to be considered supplementary to each other and construed together; and that, while the act is to be construed broadly and liberally, the courts are not to interpret its various sections so as to defeat rights of the employer granted under the act and are not to legislate or depart from the clear and accepted meaning of the words used in the act. The object of all interpretation and construction of laws is to ascertain and effectuate the intention of the legislature.[3] The statute in question, Minn. St. 1965, § 176.101, subd. 6, reads as follows:

"In case a worker sustains an injury arising out of and in the course of employment, and during the period of disability caused thereby death results approximately therefrom, all payments previously made as compensation for such injury are deducted from any compensation due on account of the death, and accrued compensation due to the deceased prior to his death but not paid is payable to such dependent persons or legal heirs as the commission may order, without probate administration."

Employer, pointing out that Minn. St. 176.011, subd. 8, defines the word "compensation" as including all benefits provided by c. 176 on account of injury or death, contends that the medical expenses it has paid in behalf of employee should be excluded from the compensation payable to his dependent. In support of this contention, employer cites a number of cases in which we have construed the word "compensation" as set forth in § 176.011, subd. 8, or predecessor statutes, as applied to certain factual situations and involving provisions of the act other than § 176.101, subd. 6, to include medical benefits.[4] The employer

---

[3] Minn. St. 645.16.

[4] Krueger v. State Dept. of Highways, 280 Minn. 223, 158 N. W. (2d) 705, involved the question whether the 6-year statute of limitations, Minn. St. 541.05(2), or the 2-year limitation, § 176.151(2), was applicable. Knopp v. Gutterman, 258 Minn. 33, 102 N. W. (2d) 689, presented the question whether the statute of limitations, Minn. St. 1961, § 176.151,

then contends that the construction of the word "compensation" as used in these cases should be applied to Minn. St. 1965, § 176.101, subd. 6. However, the employer does not contend that the word "compensation" as used in c. 176 or as defined in Minn. St. 176.011, subd. 8, always includes medical benefits. As an example that the word "compensation" sometimes has a restrictive meaning, the employer directs attention to Minn. St. 1965, § 176.101, subd. 4, where "compensation" was limited to "66 2/3 percent of the daily wage at the time of the injury, subject to a maximum compensation of $45 per week and a minimum compensation of $17.50 per week." It is clear that if the term "compensation" as used in this subdivision included medical benefits, the maximum "compensation" would not always be $45 per week but would be $45, less the amount of medical benefits for that week. While the employer does not mention it, it would seem to follow that "compensation" does not include medical benefits in Minn. St. 1965, § 176.101, subds. 1, 2, 3, and 7, as well as 4.[5]

---

was tolled. Dockendorf v. Lakie, 240 Minn. 441, 61 N. W. (2d) 752, involved the question whether the subrogation right under Minn. St. 1949, § 176.06, subd. 2 (now provided by Minn. St. 176.061), included the recovery of medical payments. In Frank v. Anderson Brothers, 236 Minn. 81, 51 N. W. (2d) 805, the employee sustained a work-related injury which resulted in disfigurement. The employee brought a common-law action for the disfigurement. We affirmed a demurrer sustained on the basis that since the injury was work-related, the sole remedy was under the Workmen's Compensation Act. In Hanson v. Hayes, 225 Minn. 48, 29 N. W. (2d) 473, the question was whether payment to a minor under Minn. St. 1945, § 176.11, subd. 7 (replaced by Minn. St. 176.101, subd. 7), should include compensation payable under Minn. St. 1945, § 176.11, subd. 3 (replaced by Minn. St. 176.101, subd. 3), for both the healing period and for injuries enumerated in the schedule.

[5] There may well be instances other than the one conceded by employer where the term "compensation" does not include medical benefits. We are here concerned only with Minn. St. 1965, § 176.101, subd. 6.

· Neither the cases cited by the employer nor the fact that the word "compensation" as used in Minn. St. c. 176, or as defined in § 176.011, subd. 8, does not always include medical benefits is particularly helpful in determining the question presented in this case. Neither are the cases cited by the employee of much assistance.[6] The most that can be said is that the foregoing cited cases and the foregoing provisions of the act demonstrate that the word "compensation" sometimes includes medical payments and sometimes does not. Accordingly, each case presenting the problem what "compensation" means in a particular fact setting must take into consideration the statute or statutes in question as well as the rules of interpretation relating to the intent of the legislature.

Considerable reliance is placed by the employer on Fehland v. City of St. Paul, 215 Minn. 94, 9 N. W. (2d) 349. There, the employee was awarded $4,125 as additional medical expenses, but while an appeal by the employer was pending, the employee died. Upon his death, his executrix moved for dismissal of the appeal by the employer, which motion was denied. The total additional medical expense was paid by the employee prior to his

---

[6] Gerhardt v. Welch, 267 Minn. 206, 125 N. W. (2d) 721, involved the question whether death resulted from a previous work-related injury. In Dillon v. City of St. Paul, 236 Minn. 273, 52 N. W. (2d) 726, the employee, a fire captain, was injured in the course of his employment and subsequently died from such injuries. Pursuant to the city charter provisions, the city paid the employee full salary for the first 6 months, half salary for the next 6 months, and then paid weekly benefits under the Workmen's Compensation Act. The question was whether the payments made as salary for the first year were deductible in determining the amount due the widow. In Lewis v. Connolly Contracting Co. 196 Minn. 108, 264 N. W. 581, the question was whether a settlement with the injured employee for compensation for his disability is a bar to the proceeding by the sole dependent to be granted compensation for the employee's death. It is not without some significance, as employee points out, that while in the last two of the foregoing cases the deduction was discussed, nothing was said concerning medical payments or whether they should be deducted.

**498**

death. Previous medical expense had been paid by the employer. The employee received compensation at the rate of $16 per week and received the then statutory maximum of $10,000, not including medical benefits. We stated in Fehland: "The only problem which has caused us difficulty is that relating to the propriety of making the award payable to the employe's legal representative." 215 Minn. 99, 9 N. W. (2d) 352. We held that the term "accrued compensation" as used in the statute [7] included the claim for reimbursement and that the then definition of compensation (money benefits to be paid on account of injury) was sufficiently comprehensive to cover the claim. The employer here contends: "It is difficult to reasonably defend an assertion that the Legislature intended that two different meanings be given to the word 'compensation' as it was used in the same subdivision." (Italics omitted.)

Minn. St. 1965, § 176.101, subd. 6, applies to the situation where an employee sustains a work-related injury and during the period of disability caused thereby death results therefrom. It provides for two distinct situations. First, it provides that all payments previously made as compensation for such injury shall be deducted from any compensation due on account of such death. Secondly, it says that accrued compensation due the deceased prior to his death but not paid is payable to such dependent persons or legal heirs as the commission may order, without probate administration. It was the second provision that we were concerned with in Fehland. We there traced the legislative history of the second provision as follows (215 Minn. 102, 9 N. W. [2d] 353):

"Under the compensation act as originally drafted, no provision was made for the disposition of compensation benefits accruing to the employe but not paid at the time of his death. In that situation, as cases from other jurisdictions well establish,

---

[7] The statute then was Minn. St. 1941, § 176.11(f), which is similar to Minn. St. 1965, § 176.101, subd. 6.

the representative of the decedent's estate was entitled to such fund. * * * And that, too, was the holding of the commission in Sobczak v. City of Duluth, 2 W. C. D. (Minn.) 330, where it was said that such 'had been a common practice, supported by an opinion of the Attorney General's office.'

"By L. 1923, c. 300, § 3, it was provided that 'accrued compensation due to the deceased prior to death, but not paid, shall be payable to such dependent persons as the Industrial Commission may order without probate administration.' Again, the act was amended by L. 1925, c. 161, § 2, so that to the words 'dependent persons' were added 'or legal heirs.' The provision now appears as Minn. St. 1941, § 176.11(f), (Mason St. 1927, § 4274[f])."

The question in Fehland was not whether the amount of medical expenses should be paid but to whom it should be paid. There was no question of any deduction. The first provision came into the Workmen's Compensation Act in 1915.[8] As observed earlier, the second provision came into the Workmen's Compensation Act in 1923.[9] Subsequently, the two provisions were combined into one sentence and were so enacted in the 1953 revision.[10] It is now urged by employer that since the interpretation of "accrued compensation" in the second provision includes medical payments, the word "compensation" as used in the first provision must also include medical payments.

In International Trust Co. v. American Loan & Trust Co. 62 Minn. 501, 503, 65 N. W. 78, 79, 632, Mr. Justice Mitchell laid down this admonition with respect to the use of definitions in construing statutes:

"* * * It is always an unsafe way of construing a statute or contract to divide it, by a process of etymological dissection, into separate words, and then apply to each, thus separated from its

---

[8] L. 1915, c. 209, § 4(f).

[9] L. 1923, c. 300, § 3(f).

[10] L. 1953, c. 755, § 10, subd. 6.

context, some particular definition given by lexicographers, and then reconstruct the instrument upon the basis of these definitions. An instrument must always be construed as a whole, and the particular meaning to be attached to any word or phase is usually to be ascertained from the context, the nature of the subject treated of, and the purpose or intention of the parties who executed the contract, or of the body which enacted or framed the statute or constitution."

We recognize that the position of the employer has some logical justification but are of the opinion that such position fails to take into account a number of relevant factors. As has been pointed out, the two provisions came into the law at different times and each covers a different situation. The first provision was added in 1915, two years after the initial act. It was added to § 13 of the original act, which was then headed "Schedule of Compensation Allowed under act" (now § 176.101 and called "Compensation Schedule"). There does not appear to be much question that the term "compensation" as used in such schedule does not include medical expenses.

It is settled by Fehland that medical expenses incurred and paid by the employee but not paid by the employer are to be awarded to the surviving heirs. It seems also settled that medical expenses are to be allowed only once to the employee[11] or his heirs. To deduct the medical benefits from the dependent's allowances, as the employer proposes, would, in effect, not allow them once. To not allow medical expenses (or to deduct them from dependency benefits) would be in direct contravention of Minn. St. 176.135, which specifically grants such medical benefits. There is nothing in § 176.135 which indicates that medical benefits are granted on a conditional basis and may later be required to be refunded by deduction from dependency benefits. Any construction that the medical benefits under § 176.135 are condi-

---

[11] Dockendorf v. Lakie, 240 Minn. 441, 448, 61 N. W. (2d) 752, 756.

tional would add a restriction to § 176.135 that the legislature saw fit not to impose.

Moreover, any such construction might restrain an employee from seeking necessary medical, surgical, and hospital services. We have held there is no limitation placed upon the amount to be allowed for medical, surgical, and hospital expenses an employer is required to furnish an injured workman except the necessity and reasonableness thereof.[12] We have been, and are now, in an era of spiraling medical costs. Where an employee necessarily requires extensive hospitalization, surgical and medical care, and thereafter dies from his work-related injury, a deduction for such medical expenses, prior to the 1967 act,[13] might wipe out all or a substantial portion of the dependency benefits his widow or dependents would otherwise receive. We are satisfied that it was not the intention of the legislature to permit any deduction for medical benefits from dependency benefits granted by the act.

The legislature by the 1967 act[14] limited the deduction in § 176.101, subd. 6, to "all payments for temporary or permanent disability previously made as compensation" and limited the amount of the deduction "to a maximum of $17,500 from any compensation due on account of the death." By the 1967 act, a considerable number of other modifications were also made. It is contended that if the commission was correct concerning the nondeductibility of medical payments under Minn. St. 1965, § 176.101, subd. 6, then the legislature did an unnecessary and meaningless act. To support this contention, employer cites Western Union Tel. Co. v. Spaeth, 232 Minn. 128, 44 N. W. (2d) 440, holding that the adoption of an amendment raises a presumption that the legislature intended to make some change

---

[12] Johnson v. Iverson, 175 Minn. 319, 221 N. W. 65, 222 N. W. 508; Fehland v. City of St. Paul, 215 Minn. 94, 9 N. W. (2d) 349.

[13] Ex. Sess. L. 1967, c. 40, § 10.

[14] Ibid.

in the law. No legislative history is available relating to the 1967 amendments. One change made by the 1967 law, as previously noted, was the limitation of the deduction under subd. 6 of all payments for temporary or permanent disability previously made to the amount of $17,500. During oral argument, counsel for the employer, with commendable candor, admitted that as a matter of administrative practice, the Workmen's Compensation Commission has excluded medical benefits from the deduction authorized by Minn. St. 1965, § 176.101, subd. 6. As heretofore mentioned, this amendment came into the law in 1915, and it is rather singular that until this case, to our knowledge, the administrative practice was never questioned. It may be that decisions construing the word "compensation," as applied to other sections of the act, have furnished some impetus, or it may be that the legislature, as long as it was amending subd. 6, wanted to be certain that this statute clearly reflected the administrative practice, or both. We cannot speculate on the reasons therefor. No one should have just cause for complaint if the legislature clarifies a law. A clarification is far removed from an unnecessary and meaningless act.

For the reasons heretofore stated, we hold that Minn. St. 1965, § 176.101, subd. 6, does not authorize a deduction for medical benefits.

Respondent is allowed $250 attorney's fees and his costs and disbursements in this court.

Affirmed.

MR. JUSTICE FRANK T. GALLAGHER took no part in the consideration or decision of this case.