**JAS APARTMENTS, INC.,**
et al., Appellants,

v.

**The CITY OF MINNEAPOLIS,**
a Minnesota home-rule
city, Respondent.

No. C5–02–2058.

Court of Appeals of Minnesota.

Sept. 23, 2003.

Kevin D. Conneely, Leonard, Street & Deinard, P.A., Minneapolis, MN, for appellants.

Jay M. Heffern, Minneapolis City Attorney, Edward A. Backstrom, Assistant City Attorney, Minneapolis, MN, for respondent.

Considered and decided by WRIGHT, Presiding Judge, LANSING, Judge, and PETERSON, Judge.

## OPINION

WRIGHT, Judge.

Appellants challenge the district court's summary judgment in favor of the City of Minneapolis and denial of class certification. Because Minn.Stat. § 444.075, subd. 3 (2002), permits the City of Minneapolis to charge property owners sewer fees based on water consumption, we affirm.

## FACTS

Respondent City of Minneapolis (the city) maintains two distinct sewer systems. The sanitary sewer collects sewage from sewer mains, street conduits, and pumping systems, and channels it to sewage treatment plants. The storm-water drainage system collects, transports, and manages water run-off from private and public properties.

Section 444.075 grants municipalities the authority to fund the operation of their sewer systems. Minn.Stat. § 444.075 (2002). In Minneapolis, the cost of maintaining and improving the sanitary-sewer system and storm-sewer system is funded exclusively through the assessment of a sewer charge paid by all private-property owners who receive municipal water service in Minneapolis. The sewer charge for storm-sewer services is based on the amount of water consumed by the property owner.

Appellants JAS Apartments, Inc. and other owners of multi-family properties in Minneapolis commenced this action for monetary damages and injunctive relief on August 10, 2000. Appellants challenge the legality of the city's sewer charge, arguing that the city does not impose storm-sewer charges in a "just and equitable" manner as required by Minn.Stat. § 444.075 because the storm-sewer charges are based on water consumption. The city moved for summary judgment on two occasions.

The district court denied the city's initial motion.

The district court later granted summary judgment for the city, concluding that the sewer-charge provision of Minn. Stat. § 444.075, subd. 3, refers to both sanitary- and storm-sewer systems and authorizes the assessment of storm-sewer charges based on the amount of water consumed. This appeal followed, and the city filed a notice of review as to the district court's denial of defenses raised in its first summary judgment motion.

## ISSUE

Does the sewer-charge provision in Minn.Stat. § 444.075, subd. 3 (2002), authorize storm-sewer charges based on the amount of water consumed?

## ANALYSIS

On review from summary judgment, we consider whether genuine issues of material fact exist and whether the district court erred in applying the law. *State by Cooper v. French,* 460 N.W.2d 2, 4 (Minn. 1990). Statutory interpretation presents a question of law, which we review de novo. *Associated Builders & Contractors v. Carlson,* 590 N.W.2d 130, 134 (Minn.App.1999), *aff'd,* 610 N.W.2d 293 (Minn.2000); *Sorenson v. St. Paul Ramsey Med. Ctr.,* 457 N.W.2d 188, 190 (Minn.1990).

■ Section 444.075, subdivision 3, provides, in pertinent part:

To pay for the construction, reconstruction, repair, enlargement, improvement, or other obtainment and the maintenance, operation and the use of facilities, the governing body of the municipality or county may impose just and equitable charges for the use and for the availability of the facilities and for connections with them.... Charges made for service directly rendered shall be as nearly as

possible proportionate to the cost of furnishing the service, and *sewer charges may be fixed on the basis of water consumed,* or by reference to a reasonable classification of the types of premises to which service is furnished, or by reference to the quantity, pollution qualities and difficulty of disposal of sewage and storm water produced, or on any other equitable basis including, but without limitation, any combination of those referenced above.

Minn.Stat. § 444.075, subd. 3 (2002) (emphasis added).

Appellants assert that the term "sewer charges," as used in Minn.Stat. § 444.075, subd. 3, applies only to sanitary-sewer systems. Appellants contend that, when the term "sewer charges" is read in conjunction with the immediately preceding clause requiring that "[c]harges made for services directly rendered shall be ... proportionate to the cost of furnishing the service," the statute permits only sanitary-sewer charges to be based on water consumption because storm-sewer services are not directly rendered to property owners. Appellants argue that owners of apartment complexes and other similarly situated properties are charged a disproportionately higher storm-sewer fee based on their water consumption, which, appellants contend, violates the statute's "just and equitable" requirement for sewer charges.

The city counters with two arguments. First, the plain meaning of the statute does not support a definition of the term "sewer" that includes sanitary sewers and excludes storm sewers. Second, the statute explicitly designates sewer charges based on water-consumption levels to be equitable.

When we interpret a statute, we first decide whether the statutory language, on its face, is ambiguous. *Am. Tower, L.P. v. City of Grant,* 636 N.W.2d 309, 312 (Minn.

2001). A statute is ambiguous when its language is "subject to more than one reasonable interpretation." *Am. Family Ins. Group v. Schroedl,* 616 N.W.2d 273, 277 (Minn.2000). If the legislative intent "is clearly discernible from plain and unambiguous language, statutory construction is neither necessary nor permitted and courts apply the statute's plain meaning." *Am. Tower, L.P.,* 636 N.W.2d at 312.

Here, the parties dispute the meaning of "sewer" in the portion of section 444.075, subdivision 3, which provides that "sewer charges may be fixed on the basis of water consumed." Section 444.075 does not define "sewer" in the context of a sewer-fee structure. We, therefore, discern the meaning of the statutory language "according to rules of grammar and according to their common and approved usage." Minn.Stat. § 645.08(1) (2002). A "sewer" is defined as "[a]n artificial, usually underground conduit for carrying off *sewage or rainwater." American Heritage Dictionary* 1653 (3d ed.1992) (emphasis added). The common meaning of the word sewer, as understood in the context of sewer charges, includes both sanitary- and storm-sewer systems. The plain meaning of the word "sewer" leads us to conclude that Minn.Stat. § 444.075, subd. 3, does not distinguish between sanitary- and storm-sewer services when authorizing a method for setting sewer fees based on water consumption.

Our conclusion is further supported by the statute's reference to an equally acceptable alternate method for setting sewer charges, which is based on the difficulty of disposing sewage and "storm water produced." After authorizing sewer fees based on water consumption, the statute provides that sewer charges also may be based on "pollution qualities and difficulty of disposal of sewage and storm water

produced." Minn.Stat. § 444.075, subd. 3. Consistent with principles of statutory construction, "[g]eneral words are construed to be restricted in their meaning by preceding particular words." Minn.Stat. § 645.08(3); *Olson v. Am. Family Mut. Ins. Co.*, 636 N.W.2d 598, 602 (Minn.App. 2001). This clause informs the meaning of "sewer charges" by specifying another method of calculating sewer charges, which explicitly contemplates the use of storm-sewer services. Thus, the term "sewer charges" clearly refers to fees for both sanitary- and storm-sewer services. *City of St. Louis Park v. King*, 246 Minn. 422, 428–29, 75 N.W.2d 487, 492 (1956) (noting that the court should consider the meaning of words and phrases "by inquiring into the sense of their employment in the connection in which they are used"); *Christensen v. Dept. of Conservation, Game, and Fish*, 285 Minn. 493, 499–500, 175 N.W.2d 433, 437 (1970) (observing that statutes must be construed as a whole and that meaning should be ascertained from context).

■ Having concluded that "sewer charges" unambiguously encompass a fee structure for both sanitary- and storm-sewer services, we also conclude that sewer charges for storm-sewer services do not violate the "just and equitable" requirement set forth in section 444.075, subdivision 3, simply because they are based on water consumption. Subdivision 3 states that "the governing body of the municipality or county may impose just and equitable charges for the use and for the availability of the facilities and for connections with them." Minn.Stat. § 444.075, subd. 3. The statute also provides that "sewer charges may be fixed on the basis of water consumed ... or on *any other equitable basis* including, but without limitation, any combination of those referred to above." *Id.* (emphasis added). The statute's reference to "any other equitable basis" establishes that sewer charges based on water consumption are among the permissible bases that the legislature has deemed "equitable." Applying the rules of grammar and common usage, as we must, to the "just and equitable" clause, we conclude that the city's storm-sewer charges, which are based on water consumption, do not violate the just and equitable requirements of section 444.075.

■ Finally, while the record is unclear as to whether storm-sewer services are directly rendered, thereby requiring a rate "as nearly proportionate to the cost of furnishing the service[,]" this question of fact is not material because its resolution will not affect the outcome of the case. *O'Malley v. Ulland Bros.*, 549 N.W.2d 889, 892 (Minn.1996). In interpreting the proportionality clause, we resolve any conflict between the statute's proportionality clause and its authorization of sewer charges based on water consumption so that the more specific provision prevails over the more general provision. Minn. Stat. § 645.26 (2002); *Hyland Hill N. Condo. Ass'n v. Hyland Hill Co.*, 549 N.W.2d 617, 622 (Minn.1996). Because the "sewer charges" provision authorizes a specific means of setting sewer charges and the proportionality provision states that charges should be proportionate to the service rendered, the sewer-charges provision controls. Moreover, were we to accept appellants' argument that the proportionality requirement is the controlling principle and that the term "sewer charges" refers only to charges for sanitary-sewer services, the statute's authorization of sewer charges based on "storm water produced" would be meaningless. *See* Minn.Stat. 645.17 (2002) (the legislature does not intend a result that is impossible to execute); *Baker v. Ploetz*, 616 N.W.2d 263, 269 (Minn.2000) (noting that

various provisions of the same statute must be interpreted in light of each other).

In light of our conclusion that Minn. § 444.075, subd. 3, authorizes storm-sewer charges based on water consumption, we need not reach appellants' arguments regarding the voluntary-payment doctrine and class certification, nor the city's arguments regarding the exhaustion of administrative remedies and the application of Minn.Stat. § 444.075 to the city as "a city of the first class."

## DECISION

Because Minn.Stat. § 444.075, subd. 3 (2002), authorizes the City of Minneapolis to base storm-sewer charges on the amount of water consumed, the district court properly granted summary judgment.

**Affirmed.**