**SCHOOL PUPILS: DISCIPLINE:**  Laws of Minnesota 2023 ch. 55, art. 2, § 36 and art. 12, § 4 do not limit the types of reasonable force that may be used by school staff and agents to prevent bodily harm or death. Minn. Stat. §§ 121A.58; 121A.582.

169f



The Office of
**Minnesota Attorney General Keith Ellison**
helping people afford their lives and live with dignity and respect  •  www.ag.state.mn.us

August 22, 2023

Willie L. Jett, II
Commissioner
Minnesota Department of Education
400 NE Stinson Boulevard
Minneapolis, Minnesota 55413

Re:     Recent Amendments to Student Discipline Laws

Dear Commissioner Jett:

Thank you for your letter of August 18, 2023, which seeks clarity regarding recent amendments to student discipline laws, Minnesota Statutes sections 121A.58 and 121A.582. *See* Act of May 24, 2023, ch. 55, Art. 2, § 36; Art. 12, § 4 (hereinafter, the Amendment).Pursuant to Minnesota Statutes section 8.07, I issue this opinion to offer binding guidance on the issue you have raised.

## BACKGROUND

Relevant to your inquiry, the Amendment revises Minnesota Statutes section 121A.58 to include a definition of "prone restraint" and to specify that school employees and agents generally:[1] (1) "shall not use prone restraint" on pupils; and (2) "shall not inflict any form of physical holding that restricts or impairs a pupil's ability to breathe; restricts or impairs a pupil's ability to communicate distress; places pressure or weight on a pupil's head, throat, neck, chest, lungs, sternum, diaphragm, back or abdomen; or results in straddling a pupil's torso" (i.e., compressive restraint techniques). *Id*. at Art. 2, § 36.

The Amendment also revises Minnesota Statutes section 121A.582 to provide that: (1) teachers and principals may use reasonable force "to correct or restrain a student to prevent imminent bodily harm or death to the student or another"; and (2) other school employees, agents,

---

[1]  Neither the relevant statutes nor the Amendment defines "agents" of the school district.  In the absence of a definition provided by the Legislature, Minnesota courts would likely apply "its ordinary legal meaning, which is one who has the authority to act on another's behalf."  *Hogan v. Brass*, 957 N.W.2d 106, 109 (Minn. Ct. App. 2021) (using that definition of "agent" to interpret chapter 317 of Minnesota law).  Whether an individual has authority to act on behalf of the school district depends on facts specifics to each circumstance.

and bus drivers may use reasonable force "to restrain a student to prevent bodily harm or death to the student or another." *Id.* at Art. 12, § 4.

## QUESTION PRESENTED

You have expressed uncertainty regarding whether the Amendment categorically prohibits prone restraint and compressive restraint techniques in all scenarios. In particular, you ask: "whether the new language in Minnesota Statutes, section 121A.58, subdivision 3 and its reference to Minnesota Statutes, section 121A.582, acts as an exception to the general prohibition on prone restraints and other types of physical holds, thereby allowing the use of these practices when doing so would 'prevent imminent bodily harm or death to the student or to another.'"

## SUMMARY OF CONCLUSION

The Amendment does not limit the types of reasonable force that may be used by school staff and agents to prevent bodily harm or death.[2] The test for reasonable force remains unchanged, and is highly fact-specific.

## ANALYSIS

Three things support this conclusion. First, the Amendment adds a new sentence to Minnesota Statutes section 121A.58, subdivision 3: "Nothing in this section or section 125A.0941 precludes the use of reasonable force under section 125A.582." *Id*. at Art. 2, § 36.[3] By this language, the Legislature expressed its clear intent to not limit the use of reasonable force when faced with the threat of bodily harm or death. *See, e.g., Houck v. Houck*, 979 N.W.2d 907, 911 (Minn. Ct. App. 2022) (interpreting a "nothing in this section" provision as unambiguous and "susceptible to only one reasonable interpretation").

Second, Minnesota Statutes section 121A.582 states that: "Any right or defense under this section is supplementary to those specified in section 121A.58[.]" Minn. Stat. § 121A.582, subd. 4. This further evinces the Legislature's view that the use of reasonable force authorized in Minnesota Statutes section 121A.582 is separate and distinct from the conduct prohibited by Minnesota Statutes section 121A.58. *See, e.g., Christensen v. State Dep't of Conservation, Game and Fish*, 175 N.W.2d 433, 434 (Minn. 1970) (noting that provisions of an act that are supplementary to each other are construed together so as not to defeat rights); *Merriam Webster's Collegiate Dictionary* (11th ed.) (defining "supplementary" to mean "additional").

---

[2] Teachers and principals may use these restraints only when a threat of bodily harm or death is *imminent*. *See* Act of May 24, 2023, ch. 55, Art. 2, § 36. However, the word "imminent" is not included in subdivision 1(b), which relates to a broader set of individuals, including school employees, bus drivers, and other "agent(s) of the district."

[3] Minnesota Statutes sections 125A.0941-.0942 restrict the actions that may be taken toward students with disabilities. It explicitly allows the use of reasonable force under section 121A.582. Minn. Stat. § 125A.0942, subd. 6(b).

Third, and relatedly, even without those clear indications of intent from the Legislature, the usual canons of statutory construction support the same result. Section 121A.582 specifically governs responses to threats of violence, and therefore controls over the more general statute about acceptable punishments. *See* Minn. Stat. § 645.26, subd. 1 (stating that when a conflict exists between two statutory provisions, the specific provision "shall prevail and shall be construed as an exception to the general provision"); *accord Connexus Energy v. Commissioner of Revenue*, 868 N.W.2d 234, 242 (Minn. 2015). Furthermore, had the Legislature intended to exclude prone restraint and compressive restraint techniques from the reasonable force permitted under Minnesota Statutes section 121A.582, it would have clearly said so. *See In re E.M.B.*, 987 N.W.2d 597, 601 (Minn. Ct. App. 2023) (reiterating that courts cannot add words or meaning to a statute that the Legislature intentionally or inadvertently omitted).

Accordingly, the Legislature did not change the types of reasonable force that school staff and agents are authorized to use in responding to a situation involving a threat of bodily harm or death. Of course, what force is "reasonable" is not defined in law and is determined on a case-by-case basis. *See Moses v. Minneapolis Pub. Schs.*, No. C4-98-1073, 1998 WL 846546, at *3 (Minn. Ct. App. Dec. 8, 1998) ("[T]he question of whether the school employees' acts were a reasonable use of force is a fact issue to be answered by the jury."); *cf. Bond by and through Bond v. Indep. Sch. Dist. #191*, No. A21-0688, 2022 WL 92661, at *5 (Minn. Ct. App. Jan. 10, 2022) (declining to apply official immunity where school dean used force explicitly defined as prohibited in school restraint training). In addition, the level of threat posed by a particular student or situation can change rapidly, and any assessment of what use of force was reasonable must take that into account.

In a recent meeting with representatives of your staff, the Minnesota Chiefs of Police Association, the League of Minnesota Cities, and the Minnesota Police and Peace Officers Association, participants raised other important questions about the standards applicable to school resource officers or other contracted peace officers at school events. Those questions are beyond the scope of your August 18 request and more appropriately directed at the Legislature.

Sincerely,

KEITH ELLISON
Attorney General

Cc:    Jeff Potts, Executive Director
       Minnesota Chiefs of Police Association
       Imran Ali, counsel for MPPOA
       Patricia Beety, General Counsel
       League of Minnesota Cities

|#5571238-v2