EMPLOYERS' LIABILITY ASSURANCE CORPORATION, LTD., Appellant,

v.

Alan MILLER, Appellee.

No. 16120.

Court of Civil Appeals of Texas, Houston (1st Dist.).

May 31, 1973.

B. Rice Aston, Houston, for appellant.

Brown & Haden, W. Michael Leebron, II, Houston, for appellee.

EVANS, Justice.

The single question presented by this case is whether appellant, an intervening workmen's compensation carrier, is entitled to subrogation for medical payments made on behalf of appellee. Upon stipulated facts, the trial court entered take nothing judgment against appellant. We affirm.

Appellee was injured in an early morning hotel fire in 1967. At the time of his injury he was a resident of California and on a business trip for his employer TRW Systems, Inc. After the injury appellee's employer filed an employer's report of industrial injury with the California Department of Industrial Relations. As a result, appellant paid appellee's medical expenses in the total sum of $1927.15.

It is undisputed that appellee made no claim for compensation under Workmen's Compensation. No weekly compensation payments for disability were paid to appellee. Appellee testified, in response to a question by appellant's attorney, that his medical expenses were covered by workmen's compensation but it was not shown when he first gained this knowledge. It was not proven that appellee knew his expenses were being paid by workmen's compensation or even that a report had been filed by his employer with the Department of Industrial Relations. The record further shows that appellee was a beneficiary of a group health insurance policy at the time of his injury which covered all employees of his employer.

Article 8307, Sec. 6a, Vernon's Ann.Civ. St., entitled "Recovery from Third Person; Subrogation; Compromise" provides in part:

"Section 6(a). Where the injury for which compensation is payable under this law was caused under circumstances creating a legal liability in some person other than the subscriber to pay damages in respect thereof, the employee may at his option proceed either at law against that person to recover damages or against the association for compensation under this law, but not against both, and if he elects to proceed at law against the person other than the subscriber, then he shall not be entitled to compensation under this law. If compensation be claimed under this law by the injured

employee or his legal beneficiaries, then the association shall be subrogated to the rights of the injured employee insofar as may be necessary and may enforce in the name of the injured employee or of his legal beneficiaries or in its own name and for the joint use and benefit of said employee or beneficiaries and the association the liability of said other person, and in case the association recovers a sum greater than that paid or assumed by the association to the employee or his legal beneficiaries, together with a reasonable cost of enforcing such liability, which shall be determined by the court trying the case, then out of the sum so recovered the association shall reimburse itself and pay said cost and the excess so recovered shall be paid to the injured employee or his beneficiaries . . ."

■ This article affords a workmen's compensation insurance carrier a statutory remedy of subrogation. Gautreaux v. City of Port Arthur, 406 S.W.2d 531 (Tex.Civ. App.—Beaumont 1966, ref'd n. r. e.); Evans v. Venglar, 429 S.W.2d 673 (Tex.Civ. App.—Corpus Christi 1968, n. w. h.).

■■ An injured employee has the option of proceeding either against the insurance carrier for statutory compensation or against the third party in an action at law to recover damages. If the employee elects to proceed at law for damages, he is not entitled to statutory compensation. Garza v. United States Fidelity & Guaranty Co., 251 S.W.2d 781 (Tex.Civ.App.—San Antonio 1952, ref'd n. r. e.). The employee, on the other hand, may proceed at law against the third party and the collection of compensation from the insurance carrier does not constitute a bar to his action at law, at least where no claim has been filed. Hardin v. Rust, 294 S.W. 625 (Tex.Civ.App.—Amarillo 1927, writ ref'd); Texas Employers Insurance Association v. Brandon, 126 Tex. 636, 89 S.W.2d 982 (1936, opinion adopted).

■ In this case appellee elected to proceed at law against the third party and made no claim for workmen's compensation. We do not regard his employer's action in filing a report of injury with the Department of Industrial Relations as constituting an election by appellee to claim workmen's compensation under the Workmen's Compensation Act. Since no claim was made for compensation under the Workmen's Compensation Act, no statutory right of subrogation arose. Evans v. Venglar, Supra.

Appellant also claims a contractual right of subrogation under the workmen's compensation policy. Although the stipulation of facts does state that the policy contained a contractual right of subrogation if payments are made, the policy provisions are not before us. Moreover, the policy was a contract between appellant and appellee's employer and it was not shown that appellee was even aware of its provisions. Under the plain language of the statute, no right of subrogation could arise until claim was made by appellee for workmen's compensation and there is no equitable right of subrogation. Aetna Life Ins. Co. v. Otis Elevator Co., 204 S.W. 376 (Tex.Civ.App.—Galveston 1918, writ ref'd). Since there was neither statutory nor contractual basis for appellant's claim, the trial court properly entered judgment for appellee.

The judgment of the trial court is affirmed.