James ST. MARTIN, Respondent,

v.

KLA ENTERPRISES, INC.
(Uninsured), Respondent,

State Treasurer, Custodian of the Special Compensation Fund, Relator.

No. 48286.

Supreme Court of Minnesota.

July 21, 1978.

Warren Spannaus, Atty. Gen., Thomas G. Lockhart, Spec. Asst. Atty. Gen., St. Paul, for relator.

James F. Cannon, Compensation Atty., St. Paul, for St. Martin.

KLA Enterprises, c/o Kenneth Agar, Crystal, for KLA Enterprises.

Heard before SHERAN, C. J., and YETKA and SCOTT, JJ., and considered and decided by the court en banc.

SCOTT, Justice.

Certiorari to review a portion of an award of the Workers' Compensation Court of Appeals assessed against KLA Enterprises, Inc., an uninsured employer, to be paid by the State Treasurer, Custodian of the Special Compensation Fund (relator), in favor of respondent, James St. Martin, an injured employee of the uninsured employer. We affirm.

St. Martin injured his hand in a dough machine on November 23, 1975, while working for KLA Enterprises, Inc., in Richfield, Minnesota. At the time of the injury, the employer was not insured for workers' compensation liability and did not file a first report of injury or pay any compensation benefits to St. Martin.

St. Martin filed a claim petition for workers' compensation benefits on February 2, 1976, and the employer denied the existence of an employment relationship. A workers' compensation judge subsequently held that St. Martin was injured in the course of his employment with the uninsured employer and awarded St. Martin disability compensation benefits plus medical expense benefits. The compensation judge also made an additional award of $202.50, which was assessed as a penalty against the employer pursuant to Minn.St. 176.225 for refusing to pay compensation. Pursuant to § 176.183, relator was ordered to pay all benefits awarded to St. Martin in the event the employer failed to do so.

Relator paid all amounts to St. Martin except for the additional award. St. Martin then filed a new petition requesting relator to pay the additional award of $202.50.

The compensation judge directed relator to pay the additional award with interest. Relator then appealed to the Workers' Compensation Court of Appeals, which affirmed the compensation judge's award. Relator petitioned this court for a writ of certiorari to review that decision.

The issue for review is whether an additional award assessed as a penalty against an uninsured employer for its failure to pay compensation, pursuant to § 176.225, is a "benefit" which relator is obligated to pay under § 176.183.

Pursuant to § 176.225, an employer who fails to pay compensation is liable to its injured employee for an additional compensation award as follows:

"Subdivision 1. Upon reasonable notice and hearing or opportunity to be heard, the division or upon appeal, the worker's compensation court of appeals or the supreme court may award *compensation*, in addition to the total amount of compensation award, of up to 25 percent of that total amount where an employer or insurer has:

* * * * * *

"(c) neglected or refused to pay compensation * * *." (Italics supplied.)

The additional award of $202.50 against the uninsured employer was made pursuant to this provision.

In addition, § 176.183, subd. 1, provides in effect that relator stands in the shoes of an uninsured employer and is obligated to pay all compensation benefits due the injured employees or their dependents in the event the employer fails to make such payments. Relator then has a right of subrogation against the employer to recover all sums so paid. Section 176.183, subd. 1, provides in part:

"When any employee shall sustain injury arising out of and in the course of his employment while in the employ of an employer other than the state or its political subdivisions, not insured or self-insured as provided for in this chapter, the employee or his dependents shall never-

theless receive *benefits* as provided for therein from the special compensation fund, and the state treasurer as custodian of such fund shall have a cause of action against such employer for reimbursement for all moneys paid out or to be paid out, and, in the discretion of the court, as punitive damages an additional amount not exceeding 50 percent of all moneys paid out or to be paid out. An action to recover such moneys shall be instituted unless the custodian determines that no recovery is possible. * * *" (Italics supplied.)

■ Relator contends that the additional compensation provided for in § 176.225 is not a "benefit" within the meaning of § 176.183, subd. 1, and therefore relator is not obligated to pay such additional compensation. Relator relies in part on the fact that the headnotes to § 176.225 refer to the additional award as a "penalty." Headnotes, however, "are intended to be mere catch-words to indicate the contents of the section and are not any part of the statute * * *." Minn.St. 648.36. A common-sense reading of the statute shows that the additional compensation provisions are intended to be both a penalty and a benefit, since § 176.225 both penalizes the employer for certain acts and designates the employee as the beneficiary of the employer's penalty payment.

■ A review of the definitions contained in the Worker's Compensation Act shows that the Court of Appeals was correct in stating that the additional compensation, albeit labeled a penalty, is a "benefit" within the meaning of § 176.183, subd. 1. Section 176.011, subd. 8, defines "compensation" as including "all benefits provided by this chapter on account of injury or death." "Benefits" and "compensation" thus are used synonymously in the statute with the result that the penalty which is designated as "compensation" by § 176.225 is a "benefit" within the meaning of § 176.183. As such, relator is obligated to pay the additional compensation in the first instance.

■ While the Ohio Supreme Court once held per curiam in *State ex rel. Davis v. Industrial Commission of Ohio*, 118 Ohio St. 340, 161 N.E. 32 (1928), that a penalty against the employer could not be charged against the state surplus fund, the more reasonable and logical approach was adopted by the California Supreme Court in *Flores v. Workmen's Compensation Appeals Board*, 11 Cal.3d 171, 113 Cal.Rptr. 217, 520 P.2d 1033 (1974). In *Flores*, decided en banc, it was held that the Uninsured Employers Fund was required to pay an employee the full workmen's compensation award, including a 10-percent penalty and attorneys fees assessed against the employer due to his willful failure to secure workmen's compensation insurance. The California Supreme Court stated:

"No one, of course, contends that the state or the Fund is guilty of any wrongdoing; the obligation arising under section 3716 is not imposed as a penalty for any misconduct by the state. Rather, the new statutory provisions merely establish the fund as an immediate source of money to which an injured employee can resort when his employer is uninsured and fails to pay a compensation award; the statutory scheme contemplates that the Fund, having paid the employee's award as an initial matter, will then proceed against the employer and will recover the entire award from him. (See Lab.Code, §§ 3717, 3719.) Consequently, it is the employer, rather than the Fund, who must ultimately pay the additional penalties awarded because of the employer's failure to insure.

"Although we recognize that in some cases the insolvency of uninsured employers will mean, as a practical matter, that the Fund will bear the entire financial burden of an award, we believe that is the inevitable consequence of the present statutory scheme." 11 Cal.3d 178, 113 Cal.Rptr. 222, 520 P.2d 1038.

This reasoning is equally applicable to Minnesota's workers' compensation procedures, since § 176.183, subd. 1, gives relator the right of subrogation against the employer and relator may also recover in its suit

against the employer punitive damages of up to 50 percent of the sums relator has paid to the employee. A contrary ruling would unnecessarily suggest that some procedure not otherwise delineated be resorted to by the employee to collect the penalty.

In light of the foregoing, the compensation judge and court of appeals were correct in holding that the additional award was payable by relator.

Affirmed.