GENERAL CASUALTY COMPANIES, Appellant,

v.

CONSOLIDATED FREIGHTWAYS CORPORATION, et al., Respondents.

No. C4–87–784.

Court of Appeals of Minnesota.

Oct. 6, 1987.

Peter J. Pustorino, Steven D. Ostlie, Pustorino, Pederson, Tilton & Parrington, Minneapolis, for appellant.

Mark A. Gwin, Cousineau, McGuire, Shaughnessy & Anderson, Minneapolis, for respondents.

Heard, considered and decided by RANDALL, P.J., and SEDGWICK and LANSING, JJ.

## OPINION

SEDGWICK, Judge.

This appeal is from a partial summary judgment declaring that appellant has no right to recover a workers' compensation payment it was required to make as a result of respondents' alleged negligence. We reverse.

## FACTS

On August 1, 1984, James Ehlers was hit by a truck and fatally injured while in the course and scope of his employment. The truck was driven by respondent Rodger Barton and owned by respondent Consolidated Freightways Corporation. Appellant was then the workers' compensation insurer for Ehlers' employer.

Since the deceased left no dependents entitled to workers' compensation benefits, appellant was required to pay $25,000 into a "special compensation fund" (the "Fund") established under the workers' compensation act (the "Act"). *See* Minn. Stat. § 176.129, subd. 2 (1984). Appellant sued respondent to recover the payment, alleging Ehlers was killed through Barton's negligence and asserting a right of recovery under the Act. The trial court concluded the Act provides no right of recovery to appellant and granted partial summary judgment for respondents.

## ISSUE

May a workers' compensation insurer sue an alleged third-party tortfeasor to recover a payment made to the special compensation fund under Minn.Stat. § 176.129 (1984)?

## ANALYSIS

■ Since there are no disputed factual issues, the scope of review is whether the trial court erred in its application of law. *See Betlach v. Wayzata Condominium,* 281 N.W.2d 328, 330 (Minn.1979). We need not defer to the trial court's determination on an issue of law. *Frost-Benco Electric Association v. Minnesota Public Utilities Commission,* 358 N.W.2d 639, 642 (Minn. 1984).

The Act establishes the Fund, § 176.129, for several purposes. It reimburses employers in certain circumstances for long-term compensation paid to injured employees with pre-existing physical impairments. § 176.131. It pays benefits to injured employees whose employers lack workers' compensation insurance. § 176.193. It also pays benefits to injured employees when there is a dispute as to which employer or insurer is liable. § 176.191.

Appellant, as the employer's workers' compensation insurer, was required to pay the Fund $25,000 under the following provision:

> *Payments to fund, death.* In every case of death of an employee resulting from personal injury arising out of and in the course of employment where there are no persons entitled to monetary benefits of dependency compensation, the employer shall pay to the commissioner [of labor and industry] the sum of $25,000 for the benefit of the special compensation fund.

Minn.Stat. § 176.129, subd. 2 (1984).

Appellant asserts it has the statutory right to recover the $25,000 payment under subdivisions 7 and 5(a) of section 176.061. It concedes it can bring this action only if recovery is authorized by the Act. *See Dahlbeck v. New London Concrete,* 400 N.W.2d 736, 738 (Minn.1987) (stating there is no right to subrogation in workers' compensation area except as authorized by the Act). The trial court rejected appellant's contention as to subdivision 7, but did not address subdivision 5(a).

Minn.Stat. § 176.061, subd. 7 (1984), provides, in part:

> *Medical treatment.* The liability of an employer or the special compensation fund for medical treatment or payment of any other compensation under this chapter is not affected by the fact that the employee was injured through the fault or negligence of a third party, against whom the employee may have a cause of action which may be sued under this chapter, but *the employer,* or the attorney general on behalf of the special compensation fund, *has a separate additional cause of action against the third party to recover any amounts paid* for medical treatment or *for other compensation payable under this section* resulting from the negligence of the third party.

(Emphasis added.) The parties disagree about whether the payment to the fund was "compensation" under subdivision 7.

The Act defines compensation as follows:

> "Compensation" includes all benefits provided by this chapter on account of injury or death.

Minn.Stat. § 176.011, subd. 8 (1984). In *St. Martin v. KLA Enterprises,* 269 N.W.2d 59, 61 (Minn.1978), the supreme court observed that under this definition, " 'benefits' and 'compensation' are used synonymously in the statute."

Appellant argues the payment to the Fund was a "benefit," and therefore "compensation," because the section requiring the payment states that

> the employer shall pay to the Commissioner the sum of $25,000 *for the benefit of* the special compensation fund.

Minn.Stat. § 176.129, subd. 2 (1984) (emphasis added).

Respondents cite *Christensen v. State,* 285 Minn. 493, 497, 175 N.W.2d 433, 436 (1970):

> [E]ach case presenting the problem what "compensation" means in a particular fact setting must take into consideration the statute or statutes in question as well as the rule of interpretation relating to the intent of the legislature.

Respondents argue that payments under § 176.129, subd. 2, are not compensation because the payments are not based on the

amount needed to compensate the injured employee or his dependents, but rather are assessments fixed in an arbitrary amount ($25,000) as a funding mechanism for the Fund.

The trial court agreed with respondents, relying primarily on a Kansas case, *Farm Bureau Mutual Insurance Co. v. Commercial Standard Insurance Co.*, 5 Kan. App.2d 127, 612 P.2d 1265 (1980). In that case, the employer was required to pay $5000 to a "compensation fund" because the fatally-injured employee left no dependents. The Kansas workers' compensation statute provided that the employer was subrogated to the extent of the "compensation" it provided. The court concluded that under its "common understanding and usage," the word "compensation" means "a payment for a loss or service rendered." 612 P.2d at 1267. Since the $5000 payment was not related to the extent of the employee's injury or earnings, the court reasoned, it was not compensation. *Id.*

Appellant correctly points out that *Farm Bureau* is distinguishable because, as the court there noted, the Kansas statute does not define "compensation." *Id.* at 1267.

Respondents also rely on *Texas Employers Insurance Association v. Myers*, 496 S.W.2d 940 (Tex.Civ.App.1973), where a workers' compensation insurer was held not entitled to recovery of a payment to a second-injury fund. That case is also distinguishable. First, it involved different statutory provisions from those present here. Second, there recovery was denied because the insurer sought to recover from the deceased's heirs, who had received no workers' compensation benefits.

For the following reasons, we conclude the better interpretation of subdivision 7 is that it authorizes suits against third-party tortfeasors to recover payments to the Fund under § 176.129, subd. 2. We need not address whether subdivision 5(a) authorizes such suits.

■ First, we believe the payment to the Fund was a "benefit," because it is described as such in § 176.129, subd. 2, and because it benefits employees who receive payments from the Fund. A straightforward reading of the Act's definition of "compensation" is that it includes all benefits. *See St. Martin*, 269 N.W.2d at 61.

Second, even if we go beyond a straightforward application of the statutory definition of compensation (as *Christensen* suggests we must), appellant's interpretation is more sound.

When an employee is killed and leaves dependents, the employer must pay benefits to the dependents. § 176.111. The employer can then sue the third-party tortfeasor to recover the payments. § 176.061, subd. 3. If the deceased employee leaves no dependents, the employer must pay $25,000 to the Fund. § 176.129, subd. 2. Under respondents' interpretation, in the latter case the employer cannot recover from the third-party tortfeasor.

The object of all statutory interpretation is to ascertain and effect the intention of the legislature. Minn.Stat. § 645.16 (1986). Nothing suggests the legislature intended that employers' rights to recover from tortfeasors depended on whether the employee left dependents.

While it is true that payments under § 176.129, subd. 2, are merely a funding mechanism, that is irrelevant. The issue is who the legislature intended should bear the cost of the funding. If compensation is interpreted as not including payments to the Fund, the effect would be to shift the cost of maintaining the Fund from third-party tortfeasors to employers (and their insurers).

Minn.Stat. § 176.001 (1984) states:

It is the intent of the legislature that chapter 176 be interpreted so as to assure the quick and efficient delivery of indemnity and medical benefits to injured workers at a reasonable cost to the employers who are subject to the provisions of chapter 176.

This shows a legislative concern with keeping down the cost to employers of maintaining the workers' compensation scheme, balanced against the adequate provision of benefits to employees. It does not reflect an intent to keep down the costs to tortfeasors at the expense of employers.

The fact that plaintiff is the employer's insurer, not the employer itself, does not affect the analysis. If "compensation" is interpreted as respondent urges, employers, as well as their insurers, could not sue to recover payments to the Fund. Also, costs imposed on insurers are likely to be passed on to employers as increased premiums.

Respondent argues that workers' compensation insurers should bear the cost of maintaining the Fund, because they voluntarily underwrite such insurance and maintaining the Fund is part of the cost of doing business. This argument is circular: it won't be part of the cost of doing business if they can recover from third-party tortfeasors.

■ A problem with appellant's reliance on subdivision 7 is that it provides for recovery of "other compensation *payable under this section*." § 176.061, subd. 7 (emphasis added). Appellant's payment to the Fund was not under that section; it was under § 176.129.

As appellant points out, however, § 176.061 does not provide for payment of *any* compensation. The section merely governs third-party liability for injuries or deaths covered by the Act. Compensation is payable under other sections. *See, e.g.,* § 176.021. A literal reading of this language would deprive it of any effect, a result to be avoided. *See* Minn.Stat. § 645.16 (1986) ("Every law shall be construed, if possible, to give effect to all its provisions.")

We therefore read § 176.061, subdivision 7, as providing for recovery of "other compensation payable under this *chapter*." This tracks the language beginning the sentence: "The liability of an employer * * for medical treatment or payment of any other compensation under this chapter * * *."

### DECISION

Appellant's suit is authorized by Minn. Stat. § 176.061, subd. 7 (1984).

Reversed and remanded.