In the Matter of Arbitration of: Clarence E. ILLG, as Trustee for the next-of-kin of Neil Thomas Illg, deceased, Appellant,

v.

TRI–STATE INSURANCE COMPANY OF MINNESOTA, State Farm Automobile Insurance Company, Respondents.

No. CX–88–797.

Court of Appeals of Minnesota.

Oct. 11, 1988.

Lynn J. Hummel, Benshoof, Hummel, Sinclair, Schurman, Pearson, Evans & Hunt, P.A., Detroit Lakes, for appellant.

Daniel L. Hull, Cahill & Maring, P.A., Moorhead, for respondents.

Heard, considered and decided by SCHUMACHER, P.J., and RANDALL and MULALLY,* JJ.

## OPINION

SCHUMACHER, Judge.

Appellant Clarence E. Illg appeals from a judgment of the district court which limited respondent Tri–State Insurance Company's payment of underinsurance benefits to $10,000. We reverse.

## FACTS

On November, 12, 1985 Neil Illg, while driving an automobile in the course of his employment, died as a result of an accident with one Gustave Hinz. Illg was driving a vehicle owned by his employer and insured by Tri–State Insurance Company (Tri–State). Tri–State's policy included an underinsured motorist coverage limit of $500,000. The accident was caused by the negligence of Gustave Hinz. Hinz was insured by State Farm Mutual Automobile Insurance Company (State Farm) with a policy liability limit of $50,000.

Forum Insurance Company, the workers' compensation carrier for the employer, was required by statute to pay $25,000 into the Minnesota Special Compensation Fund and also paid $2,626 in funeral and ambulance expenses to the deceased's estate. Subsequently, the workers' compensation carrier was reimbursed by State Farm for its total payment of $27,626. State Farm has offered to pay the balance of its policy limits to appellant.

Appellant Clarence Illg, trustee for the next-of-kin of the deceased, demanded arbitration in regard to underinsured motorist benefits. Appellant claimed the liability insurance covering Hinz was insufficient to cover the damages suffered by the deceased's next-of-kin. After a hearing, the arbitrators awarded appellant $60,000 in damages. Tri–State offered to pay appellant $10,000 for a complete settlement of its obligation. The offer was based on deducting the tortfeasor's liability coverage limit of $50,000 from the arbitration award of $60,000, leaving Tri–State responsible for $10,000. Appellant refused the settlement.

In March 1988 both parties sought a modification of the arbitration award in district court. The trial court deducted the liability limit of the tortfeasor's coverage from appellant's arbitration award to arrive at appellant's underinsurance benefits. Judgment was entered against Tri–State in the amount of $10,000.

## ISSUE

Did the trial court err in deducting the tortfeasor's policy liability limit from appellant's arbitration award in determining the maximum liability of the underinsured motorist carrier?

## ANALYSIS

Appellant argues that the trial court erroneously calculated the underinsurance benefits to be paid by Tri–State. Appellant claims that as a result of the court's decision he will recover less than his total damages as determined by the arbitration panel of $60,000.

The maximum liability on an underinsured motor vehicle is:

> the lesser of the difference between the limit of underinsured motorist coverage and the amount paid to the insured by or for any person or organization who may be held legally liable for the bodily injury; or the amount of damages sustained but not recovered.

Minn.Stat. § 65B.49, subd. 4a (1986) (amended 1985).

The supreme court recently interpreted Minn.Stat. § 65B.49, subd. 4a in *Broton v. Western National Mutual Insurance Co.,* 428 N.W.2d 85 (Minn.1988). The court held

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. 6, § 2.

that the maximum liability of the insurer with respect to underinsured motorist coverage is the lesser of the difference between the limits of UIM coverage set out in the policy declarations or schedules and the amount which has been paid or will be paid to the insured by or for the tortfeasor or tortfeasors, or the amount of damages sustained but not recovered.

*Id.* at 90.

Applying the *Broton* formula, we first determined that Tri–State's underinsurance liability limit is $500,000. The tortfeasor's carrier State Farm, having reimbursed the workers' compensation carrier $27,626, has only $22,374 remaining to pay out to appellant ($50,000 − $27,626 = $22,374.) The difference between the underinsurance liability limit and the amount that will be paid to appellant is $477,626.

The second part of the formula is to determine the amount of damages sustained but not recovered, and involves a simple calculation. Appellant sustained damages in the amount of $60,000 as determined by the arbitration panel. He remains uncompensated in the amount of $37,626 ($60,000 − $22,374 = $37,626.) This amount is clearly the lesser of the two and constitutes the maximum liability with respect to underinsurance benefits of Tri–State.

The workers' compensation carrier has paid the deceased's estate $2,626 for ambulance and funeral expenses. Since we must conclude that the arbitration award already included this amount, it must be deducted from the $37,626, leaving maximum liability of Tri–State of $35,000.

## DECISION

Tri–State is liable to appellant in the amount of $35,000 of underinsurance benefits. The trial court shall enter judgment accordingly.

Reversed.