(859 P.2d 414)

No. 69,093

EUGENE L. VARNER, *Appellant*, v. GULF INSURANCE COMPANY, *Appellee*.

Opinion filed September 24, 1993.

*Robert A. Levy*, of Garden City, for the appellant.

*Tamara L. Davis* and *Michael T. Harris*, of Hershberger, Patterson, Jones & Roth, L.C., of Wichita, for the appellee.

Before BRISCOE, C.J., ROYSE, J., and WILLIAM F. LYLE, JR., District Judge, assigned.

BRISCOE, C.J.: This is a workers compensation subrogation case arising out of an accident that occurred when a semi-tractor trailer driven by Eugene L. Varner collided with a vehicle driven by Walter B. Giessel.

Varner brought suit against Giessel and settled for $100,000, the limit of Giessel's automobile liability insurance policy. This amount was paid into court because, pursuant to K.S.A. 1992 Supp. 44-504, Varner's employer's workers compensation insurer, Gulf Insurance Company (Gulf), was entitled to subrogation for amounts paid on behalf of Varner pursuant to the Workers Compensation Act. Varner also recovered on his employer's underinsured motorist policy with Gulf.

Varner appeals the district court's decision awarding Gulf $4,153.56 of Varner's settlement with Giessel. This amount rep-

resents vocational rehabilitation vendor costs. Although not evident from the record, counsel at oral argument further described these costs as monies paid to a vocational rehabilitation vendor for Varner's vocational rehabilitation evaluation. The district court found that Gulf was entitled to this amount. Varner contends costs paid to a vocational rehabilitation vendor are not "compensation and medical aid," as contemplated in K.S.A. 1992 Supp. 44-510 and are not, therefore, subject to subrogation under 44-504.

K.S.A. 1992 Supp. 44-504 provides in pertinent part:

"(b) In the event of recovery from such other person by the injured worker or the dependents or personal representatives of a deceased worker by judgment, settlement or otherwise, *the employer shall be subrogated to the extent of the compensation and medical aid provided by the employer to the date of such recovery* and shall have a lien therefor against such recovery and the employer may intervene in any action to protect and enforce such lien. Whenever any judgment in any such action, settlement or recovery otherwise is recovered by the injured worker or the worker's dependents or personal representative prior to the completion of compensation or medical aid payments, the amount of such judgment, settlement or recovery otherwise actually paid and recovered which is in excess of the amount of compensation and medical aid paid to the date of recovery of such judgment, settlement or recovery otherwise shall be credited against future payments of the compensation or medical aid. Such action against the other party, if prosecuted by the worker, must be instituted within one year from the date of the injury and, if prosecuted by the dependents or personal representatives of a deceased worker, must be instituted within 18 months from the date of such injury.

. . . .

"(f) *As used in this section, 'compensation and medical aid' includes all payments of medical compensation, disability compensation, death compensation, including payments under K.S.A. 44-570 and amendments thereto, and any other payments made or provided pursuant to the workers compensation act.*" (Emphasis added.)

Varner argues Gulf is not entitled to subrogation because vocational rehabilitation vendor costs are not expressly provided for in 44-504(f). He also argues that, despite the broad language found at the end of subsection (f), vocational rehabilitation vendor costs are not similar to the payments expressly included and, therefore, the legislature could not have intended vocational rehabilitation vendor costs to be subject to subrogation. Conversely, Gulf argues

the "any other payments" language of 44-504(f) is broad and includes these payments.

Interpretation of a statute is a question of law and, therefore, this court is not bound by the decision of the district court. See *Todd v. Kelly*, 251 Kan. 512, 515, 837 P.2d 381 (1992); *Memorial Hospital Ass'n, Inc. v. Knutson*, 239 Kan. 663, 668, 722 P.2d 1093 (1986).

" 'The fundamental rule of statutory construction is that the purpose and intent of the legislature governs when the intent can be ascertained from the statute. In construing statutes, the legislative intention is to be determined from a general consideration of the entire act. Effect must be given, if possible, to the entire act and every part thereof. To this end, it is the duty of the court, as far as practicable, to reconcile the different provisions so as to make them consistent, harmonious, and sensible.' " *McGranahan v. McGough*, 249 Kan. 328, 334, 820 P.2d 403 (1991) (quoting *State v. Adee*, 241 Kan. 825, 829, 740 P.2d 611 [1987]).

Prior to the addition of subsection (f), this court construed "compensation," as used in 44-504, as referring to payment for a loss or for a service rendered. *Farm Bureau Mut. Ins. Co. v. Commercial Standard Ins. Co.*, 5 Kan. App. 2d 127, 128, 612 P.2d 1265 (1980). As a result, we held that a payment to the Commissioner of Insurance required by what is now K.S.A. 44-570, where death results from the accident and the claimant is not survived by dependents, is not "compensation" under 44-504(b). 5 Kan. App. 2d at 128.

Subsection (f) was added in 1988 (L. 1988, ch. 166, § 1). The legislative history of subsection (f) indicates the subsection was specifically added to respond to our *Commercial Standard* decision and to effect a different result in subsequent cases by expanding the definition of "compensation and medical aid" to broaden employer subrogation rights. Therefore, payments made pursuant to the Workers Compensation Act, although not specifically listed in subsection (f), or even similar in nature to those included in that subsection, may still be considered compensation. Under 44-504(f), vocational rehabilitation vendor costs are payments made pursuant to the Workers Compensation Act and are considered compensation for the purpose of employer subrogation. While Varner's arguments may have prevailed before the 1988 amendment, they cannot now succeed.

Varner also argues that, because he did not specifically recover for the vocational rehabilitation vendor costs in his settlement with Giessel, there was no danger of double recovery and, therefore, subrogation is unavailable. In making this argument, Varner alludes to a statement made by this court and acknowledged by the Supreme Court that one of the reasons the legislature adopted 44-504 was " 'to prevent a double recovery by the employee from both the workers compensation fund and a third-party tortfeasor.' " *McGranahan*, 249 Kan. at 334 (quoting *Lemery v. Buffalo Airways, Inc.*, 14 Kan. App. 2d 301, 789 P.2d 1176, *rev. denied* 246 Kan. 767 [1990]). Varner argues a schedule he has provided establishes that he did not recover the vocational rehabilitation vendor costs.

In *Houston v. Kansas Highway Patrol*, 238 Kan. 192, 708 P.2d 533 (1985), an employee argued certain expenses not compensable under the Workers Compensation Act should be separated from the bulk settlement the employee received from a third-party tortfeasor. Addressing this argument, the court stated that, if an injured worker's settlement with a third-party tortfeasor sets aside specific noncompensable losses and the amount is supportable in fact rather than an effort to circumvent operation of the subrogation statute, the injured worker may be entitled to keep the portion of the settlement attributed to the noncompensable losses. 238 Kan. at 195-96. However, the settlement in *Houston* was in bulk and did not specify what amounts were attributable to what expenses. As a result, the Supreme Court affirmed the district court's decision that the entire settlement was subject to subrogation. 238 Kan. at 196.

Here, neither Varner's settlement with Giessel nor his settlement with Gulf for underinsured motorist coverage itemized his damages or in any way segregated the amounts he received as satisfying any specific damage claim. The only list of damages in the record is that provided by Varner in his response to Giessel's request for a statement of monetary damages. This list was not stipulated to by the parties or adopted by the court. Further, a transcript of the hearing to determine which party was entitled to the settlement proceeds is not contained in the record on appeal. Therefore, as in *Houston*, the district court did not err

by finding Varner's settlement was subject to subrogation for the vocational rehabilitation vendor costs.

Affirmed.