Syllabus by the Court
Minn.Stat. § 
500.20
, subd. 2a (1988), bars enforcement of the condition in a fee simple determinable estate when the claim is asserted more than 30 years after the date of the deed.
 OPINION
Appellants challenge summary judgment for county in a mandamus action to compel county to condemn property. We affirm.
 FACTS
The facts are undisputed. In 1917, the Town of St. Francis was deeded a strip of land for a road. The Rum River North Regional Park was later established to the north of the strip. Private property lay to the south. In 1972 appellants Walter and Phyllis Hiller purchased the private property to the south, and in 1974 they fenced in the strip. They allege they used the strip continuously *Page 428 
from their purchase in 1972 until 1987.
Respondent Anoka County subsequently sought to expand the Rum River North Regional Park. The expansion plans encompassed both the strip of land and part of appellants' property. In 1987, the City of St. Francis, never having constructed a road on the strip, transferred its interest to the county by quitclaim deed. The county then removed the fence around the strip and initiated condemnation proceedings on the parts of appellants' land within the park expansion.
In a March 1993 letter to the Anoka County commissioners, appellants requested that the county include the strip in the condemnation action, asserting that they had acquired the strip by adverse possession. The county denied appellants' request, and appellants filed this mandamus action to compel the county to initiate condemnation proceedings for the strip. Both parties sought summary judgment. Appellants challenge summary judgment in favor of the county.
 ISSUE
Did the district court err in concluding that Minn.Stat. § 500.20, the 30-year law, bars appellants' claim?
 ANALYSIS
This court reviews summary judgment by determining whether any genuine issues of material fact exist and whether the district court erred in applying the law. Finke v. State,521 N.W.2d 371, 374 (Minn.App. 1994), pet. for rev. denied
(Minn. Oct. 27, 1994). Where, as here, there are no disputed factual issues, the scope of review is whether the district court erred in its application of law. Illg v. Forum Ins., 435 N.W.2d 803,804 (Minn. 1989).
The parties agree that the 1917 deed conveyed a fee simple determinable interest in the strip and that the grantor retained a possibility of reverter under which the property would revert to the grantor in fee simple absolute if the town failed to use the property for street or highway purposes.[1]
Where, as here, the grant requires the grantee to use the property in a way in which it is not currently being used, courts have construed the grant to allow the grantee a "reasonable time" to begin using the property as required in the deed. E.g. Salt Lake City v. Utah, 101 Utah 543,125 P.2d 790, 791 (1942) (reversion triggered only after state failed within reasonable time to use land for governor's residence). Otherwise, the grant would fail immediately upon transfer of the deed. Thus, the first question here appears to be what constitutes a "reasonable time," but that is a question only when the case is viewed through the lens of traditional property law.
The question arises because appellants' interest is based on a claim of adverse possession against the grantor's heirs. Appellants argue that because the city failed after a reasonable time to construct a road, the reversion was triggered and the town's interest was automatically extinguished — allowing appellants to adversely possess the property from the grantor's heirs (or successors). But if the reversion was never triggered, then appellants' claim fails because Minn.Stat. § 541.01 (1988) prohibits an adverse possession claim against public property. See Fischer v. Cityof Sauk Rapids, 325 N.W.2d 816, 819 (Minn. 1982) (citing Minn. Stat. § 541.01 (1980)).
We agree with the district court, however, that under the circumstances of this case, Minn.Stat. § 500.20, subd. 2a, bars appellants' claim, whatever a reasonable time to build the road might have been. This section provides:
 [A]ll private covenants, conditions, or restrictions created by which the title or use of real property is affected, cease to be valid and operative 30 years after the date of the deed * * * creating them, and may be disregarded.
Minn.Stat. § 500.20, subd. 2a (1988) (emphasis added). Under section 500.20, the condition on which appellants' claim is based was invalidated in 1947, 30 years after the 1917 *Page 429 
deed created the condition, the defeasing condition then not yet having been asserted.[2]
Our holding accords with contemporary principles of property ownership; it protects the free alienability of property.See Wichelman v. Messner, 250 Minn. 88, 101, 83 N.W.2d 800, 813
(1957) (noting the legislature's stated policy that "ancient records shall not fetter" the sale of real estate). Section 500.20 accomplishes the automatic destruction of clouds on title that are old, obsolete, or have not been enforced. The statute placed a 30-year limit on the validity of the 1917 condition — until 1947 — after which the condition was destroyed.
Appellants argue that subdivision 2a (originally subdivision 2) does not apply because it was repealed from 1982 until reenacted in 1988, and that the reversion was triggered during that period — in 1987 when the city quitclaimed its interest to the county. See 1982 Minn. Laws ch. 500, § 5 (repealing Minn.Stat. § 500.20, subd. 2 (1980)). Appellants argue that 1987 is the key date because under Buck v. City of Winona,271 Minn. 145, 151, 135 N.W.2d 190, 194 (1965), an automatic reversion occurs when a municipality conveys property to a third party for a use different from that under which it was acquired. But the 1982 repeal of the statute and the 1987 transfer are irrelevant because any claim to a right of reversion lapsed in 1947. See Andrews v. Benson,476 N.W.2d 194, 197 (Minn.App. 1991) (section 500.20, subdivision 2a, acts "as a statute of limitations, cutting off 30-year-old rights"),pet. for rev. denied (Minn. Dec. 23, 1991).
By referring to "private covenants, conditions or restrictions," subdivision 2a might apply only to limitations that are not inherent in the grant itself — as opposed to the defeasible estates which are inherently subject to a condition. But a fee simple determinable does include a "condition," and the statute expressly excludes only the "right[s] to reenter" that accompany a fee simple subject to a condition subsequent. Minn.Stat. § 500.20, subds. 2a, 3 (1988). Accordingly, we conclude that subdivision 2a applies to the possibility of reverter that a grantor retains upon transferring a fee simple determinable.
We believe that section 500.20 should apply where, as here, the successors to the 1917 grantors did nothing to assert or enforce their claim of ownership within the 30-year period. Section 500.20 in 1947 extinguished any possibility of reverter. Appellants' claim accordingly fails.[3]
 DECISION
The district court properly granted summary judgment for county because appellants' claim of real property ownership fails under Minn.Stat. § 500.20.
Affirmed.
[1] The 1917 deed provided that the property was being conveyed to the town for
 so long as the same shall be kept, used and maintained by said Town, its successors or assigns, and said public, for street and highway purposes and none other, and to revert to the grantors, their heirs, executors, administrators or assigns, upon the same ceasing to be so kept, used and maintained.
[2] Appellants concede an important exception does not apply because their interest was never recorded or filed. That exception is for any deeds dated before August 1, 1959, so long as the individual claiming the interest
 records in the office of the county recorder or files in the office of the registrar of titles in the county in which the real estate affected is located, on or before March 30, 1989, a notice sworn to by the claimant or the claimant's agent or attorney * * * stating that the covenant, condition, or restriction is not nominal and may not be disregarded.
Minn.Stat. § 500.20, subd. 2a(2) (1988).
[3] The county asserts that the Marketable Title Act, Minn.Stat. § 541.023, subd. 1 (1992), also precludes appellants' claim. Based on our decision with respect to Minn.Stat. § 500.20, we need not address the Marketable Title Act issue.