The Honorable Kent Glasscock State Representative, 62nd District State Capitol, Room 115-S Topeka, Kansas 66612
Dear Representative Glasscock:
You request our opinion concerning whether a city or county may use home rule powers to enact local legislation providing for the reimbursement of travel expenses for members of a planning commission. Presently, K.S.A. 12-744 provides that members serve without compensation and there is no statute that addresses the reimbursement of travel expenses.
Home rule is available to cities and counties in all areas of local government in which it is not prohibited by article 12, section 5 of the Kansas constitution or by K.S.A. 19-101a. Blevins v. Hiebert, 247 Kan. 1
(1990). The Kansas Supreme Court has applied previous decisions on city home rule to counties because the home rule powers are "similar and parallel" to each other. Missouri Pacific Railroad v. Board of GreeleyCounty Comm'rs, 231 Kan. 225, 226 (1982). Thus, for the sake of brevity, references to city home rule will apply as well to county home rule. Executive Aircraft Consulting Inc. v. City of Newton, 252 Kan. 421
(1993).
A city ordinance should be permitted to stand unless actual conflict exists between the ordinance and a statute or unless the legislature has clearly preempted the field so as to preclude municipal action. McCarthyv. City of Leawood, 257 Kan. 566 (1995); City of Wichita v. Basgall,256 Kan. 631 (1995); Moore v. City of Lawrence, 232 Kan. 353 (1982). We review the zoning statutes and, specifically, the statutes concerning planning commission members to determine whether such conflict or preemption exists.
K.S.A. 12-741 et seq. pertain to planning and zoning in cities and counties. K.S.A. 12-744 authorizes a city or county to create a planning commission composed of at least five members who serve without compensation. The planning commission is charged with the responsibility of making a comprehensive plan for the development of a city or county and adopting or amending subdivision and zoning regulations. K.S.A.12-747, 12-749, 12-753. While K.S.A. 12-744 prohibits the payment of compensation to planning commission members it is silent on the issue of reimbursing a member for travel expenses. The Kansas Supreme Court has concluded that with the advent of home rule such legislative silence no longer prevents local governmental action. Blevins, 247 Kan. at 5.
A conflict exists if an ordinance permits that which a statute forbids or prohibits that which a statute authorizes. McCarthy, at p. 577. It is our opinion that an ordinance or county resolution that permits a governing body to reimburse members of a planning commission for travel expenses does not conflict with K.S.A. 12-744's prohibition on compensating members. Compensation is a term of common understanding and usage. It means payment for services rendered or value received. FarmBureau Mutual Insurance v. Commercial Standard Insurance Company,5 Kan. App. 2d 127, 128 (1980); Webster's Third New InternationalDictionary 463 (1986). The prohibition on compensating members of a planning commission applies to payment for services rendered to the commission. It does not prohibit reimbursing a member for travel expenses incurred while on commission business. (See K.S.A. 75-3223 which distinguishes compensation for members of state boards from expenses incurred in performing statutory duties and K.S.A. 28-169 which authorizes a county with a population of less than 80,000 to pay travel expenses of county officers.)
Finding no conflict, we turn to the issue of whether the legislature intended to preempt the field so as to preclude counties and cities from reimbursing members of planning commissions for travel expenses.
The Kansas Supreme Court has rejected the doctrine of implied preemption, and, therefore, in order for preemption to preclude local governmental action, the legislature must clearly preempt the field.McCarthy, at p. 578; Johnson County Water District No. 1 v. City ofKansas City, 255 Kan. 183 (1994); Dillons Stores v. Lovelady, 253 Kan. 274
(1993); Executive Aircraft Consulting Inc., at p. 245. We find no such intent by virtue of K.S.A. 12-741 which provides, in relevant part, as follows:
 "(a) This act is enabling legislation for the enactment of planning and zoning laws and regulations by cities and counties for the protection of the public health, safety and welfare, and is not intended to prevent the enactment or enforcement of additional laws and regulations on the same subject which are not in conflict with the provisions of this act." (Emphasis added).
In the McCarthy case the Kansas Supreme Court concluded that the legislature did not expressly preempt the field with the main trafficway act because it made the act supplemental to other provisions of law. TheMcCarthy rationale is applicable here and we find no legislative intent to preclude cities and counties from enacting local legislation providing for the reimbursement of travel expenses for members of planning commissions.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Mary Feighny Assistant Attorney General
CJS:JLM:MF:jm